**William Ray EUBANKS, Appellant,**

v.

**GAB BUSINESS SERVICES, INC., Appellee.**

No. 06–95–00040–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 26, 1995.

Decided Sept. 22, 1995.

Brady Paddock, Patton Law Offices, Texarkana, for appellant.

Wren Gray Foster, Law Office of Tony Korioth, Austin, George L. McWilliams, Patton, Haltom, Roberts, McWilliams, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

William Ray Eubanks, the plaintiff below, appeals the granting of summary judgment in favor of GAB Business Services, Inc. (GAB), the defendant below. The trial court granted summary judgment in favor of GAB on the basis that it did not owe Eubanks a duty of good faith and fair dealing. Eubanks contends that GAB did owe him this duty.

Eubanks contends that he was injured on the job while working for the City of Texarkana, Texas, in March of 1987. Because he initially believed that the injury was minor, he returned to work in April of 1987 after being released by his treating physician. In 1989, however, Eubanks suffered more physical problems, which he alleges stem from his on-the-job injury.

At the time of Eubanks's injury, the City of Texarkana provided employees with workers' compensation benefits through a governmental trust pool, the Texas Municipal Intergovernmental Risk Pool. The Pool employed GAB to investigate and adjust workers' compensation claims. GAB advised the City of Texarkana that Eubanks's 1989 claim should be denied because his injuries resulted from a fall at Lake Wright Patman and not from his on-the-job injury in 1987.

Eubanks sued GAB for breach of the duty of good faith and fair dealing for recommending denial of his worker's compensation claim. The trial court granted GAB's motion for summary judgment, concluding that GAB did not owe Eubanks such a duty.

By his sole point of error, Eubanks contends that the trial court erred in granting the motion for summary judgment because the case law cited and relied upon by GAB is distinguishable from the facts of this case and thus should not apply.

■ Summary judgment is proper when no genuine issue exists on any material fact and the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). The Texas Supreme Court has determined that (i) the movant for summary judgment has the burden of showing the trial court that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (iii) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994) (applying the *Nixon* standards). In reviewing a grant of summary judgment to a defendant, the relevant issue on appeal is whether the summary judgment evidence establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Parrish v. Brooks*, 856 S.W.2d 522, 524 (Tex.App.—Texarkana 1993, writ denied).

■ The duty of good faith and fair dealing has been imposed in Texas only "to protect parties who have a special relationship based on trust or unequal bargaining power." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex.1994), *citing Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987) (first recognizing a duty of good faith and fair dealing in an insurance context). An insurer owes a duty of good faith and fair dealing to its insured based on the special relationship created by the insurance contract between the parties. *Id.; Maintenance, Inc. v. ITT Hartford Group, Inc.*, 895 S.W.2d 816, 819 (Tex.App.—Texarkana 1995, n.w.h.). The Texas Supreme Court, however, has not imposed this duty on a party who is not privy to the contract between the insurer and the insured.[1] *Natividad*, 875 S.W.2d at 698 (refusing to extend the duty of good faith and fair dealing to an adjuster employed by an insurance company); *Maintenance*, 895 S.W.2d at 819.

---

1. This Court reached an opposite result in a factually similar case pre-dating the Supreme Court's decision in *Natividad*. *GAB Business Servs. v. Moore*, 829 S.W.2d 345 (Tex.App.—Tex- arkana 1992, no writ). The issue of whether a duty of good faith and fair dealing extended to an insurance adjuster, however, was not raised in *Moore*.

**214**

Eubanks argues that *Natividad* should not apply because it is factually distinguishable from this case. He contends that in *Natividad,* the worker could recover from the employer and, in this case, the employer is immune.[2] The Texas Supreme Court, however, made it clear in *Natividad* that "in an insurance context, the duty of good faith and fair dealing arises only when there is a *contract* giving rise to a 'special relationship.'" *Natividad,* 875 S.W.2d at 698. In the present case, there is no special relationship between Eubanks and GAB. Eubanks is not a party to the contract between the Pool and GAB. Eubanks's only contractual privity is with the City of Texarkana and the Pool. The employer's immunity does not distinguish this case from the Supreme Court's holding in *Natividad.* Unless or until the Texas Supreme Court or the Legislature provides otherwise, we are bound by the Supreme Court's ruling. Thus, the trial court was correct in granting summary judgment to GAB. This point of error is overruled.

The judgment of the trial court is affirmed.

---

2.  The appellant admits that both the City of Texarkana and the Texas Municipal League Inter-governmental Risk Pool are immune from suit in tort.