PRODUCERS ASSISTANCE CORPORA-TION, Mitchell Fralick, and Jona-than Knapp, Appellants,

v.

EMPLOYERS INSURANCE OF WAU-SAU d/b/a Wausau Insurance Companies, Appellee.

No. 01–95–1103–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1996.

William V. Wade, Nelson T. Hensley, Houston, for appellants.

Evelyn T. Ailts, Gary E. Hill, Victor L. Harris, Houston, for appellee.

Before TAFT, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

TAFT, Justice.

Appellants, Producers Assistance Corporation, Mitchell Fralick, and Jonathan Knapp (collectively, Producers) appeal from the trial court's dismissal for lack of subject matter jurisdiction. Appellee, Employers Insurance of Wausau d/b/a Wausau Insurance Company (Wausau), moved for dismissal on the basis of Producers' failure to exhaust administrative remedies. We address the extent to which failing to exhaust administrative remedies deprives a court of subject matter jurisdiction over various contractual and tort claims growing out of a denial of high-risk workers' compensation insurance coverage. We affirm.

### Facts

In the Fall of 1988, Producers applied for workers' compensation insurance through the Texas Workers' Compensation Assigned Risk Pool (the Risk Pool).[1] The Risk Pool designated Wausau as its servicing agent to administer a standard Texas policy of workers' compensation insurance. Shortly thereafter, a personal injury claim was asserted against Producers by Ricky LeBlanc, an employee of Producers.

By letter dated February 8, 1989, Wausau denied coverage or responsibility with respect to LeBlanc's claim because the injury occurred approximately 500 miles outside policy territory. No administrative appeal was taken by Producers from this denial of coverage. Instead, two years later, Producers filed suit in Harris County, asserting claims for breach of the duty of good faith and fair dealing, negligence, gross negligence, intentional infliction of emotional distress, breach of contract, fraud, violations of the Texas Insurance Code and regulations of the Texas Board of Insurance, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA).

### Subject–Matter Jurisdiction

In its sole point of error, Producers contends the trial court erred in dismissing all of its causes of action (except for breach of the

---

1. The Risk Pool became the Texas Workers' Compensation Insurance Facility (the Facility) effective January 1, 1991. Act of December 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 17.09(a)(1) 1989 Tex.Gen.Laws 1, 117. The Facility is a nonprofit unincorporated association of insurers created by statute. Tex.Ins.Code Ann. art. 5.76–2, § 2.01 (Vernon Supp.1996). One of the stated purposes of the Facility is to provide insurance coverage for employers who are unable to obtain insurance in the voluntary market. Id. § 4.01. Specifically, the Facility provides such coverage through the Texas Workers' Compensation Employers' Rejected Risk Fund (the Fund). Id. After the Facility determines that an employer is entitled to insurance through the Fund, the Facility calculates the employer's deposit premium and, upon payment, designates a "servicing company" (Wausau in this case) to issue the policy. Id. § 4.02(b). The servicing company contracts with the Facility to issue policies evidencing the insurance coverage provided by the Fund and to service the risk. Id. § 1.01(15). The issued policy is, in turn, reinsured by all members of the Facility. Id. § 4.02(b).

covenant of good faith and fair dealing)[2] pursuant to Wausau's plea to the jurisdiction by totally and completely ignoring the controlling Texas law established in *Maintenance, Inc. v. ITT Hartford Group, Inc.*, 895 S.W.2d 816 (Tex.App.—Texarkana 1995, writ denied). Wausau argues that Producers have wholly failed to challenge the basis of the trial court's dismissal, *i.e.*, failure to exhaust administrative remedies. Wausau contends that Producers' failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over any cause of action arising from the denial of the insurance claim.

## A. Threshold Issues

### 1. Waiver

█ In reply point one, Wausau argues that Producers waived any complaint by failure to brief or assail the basis of the trial court's dismissal. The sole basis expressed in the trial court's order is Producers' failure to exhaust administrative remedies. Producers' point of error and brief rely solely on *Maintenance, Inc. v. ITT Hartford Group, Inc.*[3]

We have carefully examined Producers' brief and *Maintenance*, upon which it relies. We agree with Wausau that Producers have failed to join issue in regard to its failure to exhaust administrative remedies. In *Maintenance*, the court of appeals reviewed a trial court's decision granting summary judgment, but the opinion explicitly avoided the issue of jurisdiction and did not even mention exhaustion of administrative remedies. 895 S.W.2d at 820. The only issue *Maintenance* addressed directly is what causes of actions for which a member of the pool can be sued, as opposed to those which must be brought against the insurer. *Id.* While it is difficult to understand how *Maintenance* did not reach the question of jurisdiction as to those causes of action against the pool member in its individual capacity, it nevertheless did not. *Id.*

However, we are reluctant to find waiver under these circumstances. Wausau has not cited any case directly on point calling for waiver. Furthermore, subject-matter jurisdiction is an issue that must be decided as a matter of law whenever raised. *North Alamo Water Supply Corp. v. Texas Dep't. of Health*, 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied). Therefore, we overrule Wausau's reply point one.

### 2. Timely Appeal

█ Wausau contends in reply point five that this Court lacks jurisdiction to entertain this appeal because Producers failed to timely appeal.[4] Wausau cites *WISD Taxpayers Ass'n. v. Waco Indep. Sch. Dist.*, 912 S.W.2d 392 (Tex.App.—Waco 1995, n.w.h.), for the proposition that the request for findings of fact and conclusions of law does not extend the time for appealing an order dismissing a suit. Wausau argues that neither should filing a motion for new trial when the dismissal is based on the pleadings such as in this case.

We know of no rule precluding Producers from seeking reconsideration by motion for new trial of the trial court's dismissal. The supreme court has held that a party may file a motion for new trial just to extend the

---

2. Producers abandon their cause of action for breach of duty of good faith and fair dealing based on *Maintenance, Inc. v. ITT Hartford Group, Inc.*, 895 S.W.2d 816, 818–19 (Tex.App.—Texarkana 1995, writ denied) (holding that a designated servicing company of the Risk Pool is only liable as agent of the Risk Pool and not as insurer who, alone, has the duty of good faith and fair dealing). Thus, Wausau's reply point five, invoking *Maintenance* in regard to Producers' claim for breach of duty of good faith and fair dealing, is rendered moot. The trial court's dismissal of this cause of action is affirmed regardless of the resolution of the subject-matter jurisdiction issue.

3. We note that Producers claim that the trial court rejected controlling authority, *i.e.*, *Maintenance*, presented to it. However, from the record before us it does not appear that Producers argued *Maintenance* in opposition to Wausau's motion to dismiss. Producers appear to have first raised *Maintenance* in a motion for new trial that was overruled by operation of law and, thereafter, in a letter to the judge filed among the papers of the case. There is nothing in the record before us to indicate the trial court actually considered and rejected *Maintenance*.

4. Wausau acknowledges we have already overruled a motion requesting the same relief and presents this reply point only to preserve error.

appellate deadlines. *Old Republic Ins. Co. v. Scott,* 846 S.W.2d 832, 833 (Tex.1993).

Producers filed a motion for new trial within 30 days from the dismissal order and filed their appeal within 90 days from the dismissal order. Therefore, Producers properly perfected their appeal. *See* Tex.R.App.P. 40(a), 41(a), 46.

Accordingly, we overrule Wausau's reply point five and proceed to determine the jurisdictional issue on its merits.

## B. Standard of Review

When a plaintiff appeals from a dismissal for want of subject-matter jurisdiction, we must accept as true the allegations in the plaintiff's pleadings. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). A court lacking jurisdiction over a claim has no discretion but to dismiss it. *See Lane v. Baxter Healthcare Corp.,* 905 S.W.2d 39, 42 (Tex.App.—Houston [1st Dist.] 1995, no writ).

## C. Administrative Scheme

Producers' insurance policy was issued in 1988. We look to the statutory rules in effect at that time to determine the outcome of this case.[5]

Before its repeal, article 5.76 provided that:

> An applicant for insurance, insured, or insurer aggrieved by any act of the pool may appeal to the Board not later than the 30th day after the day the act occurred.... The Board shall hear the pool or the appeal from an act of the pool, not later than the 30th day after the receipt of the request or appeal. The Board shall notify the pool or appellant in writing of the time and place of the hearing not later than the 10th day before the date of the hearing. Not later than the 30th day after the last day of the hearing, the Board shall affirm, reverse, or modify its previous action or

the act appealed to the Board.... The pool or the aggrieved party may appeal as provided by Section (f) of article 1.04 of this code.

Tex.Ins.Code Ann. art. 5.76(j).[6]

Furthermore, article 1.04, section (f) of the Insurance Code provided:

> If any insurance company or other party at interest be dissatisfied with any decision, regulation, order, rate, rule, act or administrative ruling adopted by the State Board of Insurance, such dissatisfied company or party at interest after failing to get relief from the State Board of Insurance, may file a petition setting forth the particular objection to such decision, regulation, order, rate, rule, act or administrative ruling, or to either or all of them, in the District Court of Travis County, Texas, and not elsewhere, against the State Board of Insurance.

Tex.Ins.Code Ann. art. 1.04(f) (Vernon 1981) (current version at Tex.Ins.Code Ann. art. 1.04(a) (Vernon Supp.1996)).

■ Wausau contends, in reply points two and three, that regardless of whether Producers must exhaust all administrative remedies, Wausau cannot be held liable for any cause of action arising out of, or in connection with, the performance of the powers and duties under article 5.76–2, section 2.12 of the current Insurance Code. However, this article was not in existence at the time the cause of action arose. As stated above, only the statutes in effect at the time of issuance of Producers' Risk Pool insurance policy shall determine the outcome of this case. The statutes at that time did not provide such an absolute shield from liability.

## D. Exhaustion of Administrative Remedies

This case presents the problem of accommodating the purposes of the high-risk workers' compensation administrative scheme

---

**5.** "Statutes, rules, regulations, and bylaws in effect at the time of issuance of Texas workers' compensation assigned risk pool insurance policies in force prior to the effective date of the repeal of Article 5.76, Insurance Code, shall continue to govern all aspects of such policies." Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 17.09(c), 1989 Tex.Gen.Laws 1, 118, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5(2), 1993 Tex.Gen.Laws 987, 1273.

**6.** Act of May 24th, 1983, 68th Leg., R.S., ch. 534, § 1, 1983 Tex.Gen.Laws 3114, 3120.

without closing the courts to plaintiffs who have common law or extra-contractual claims arising out of grievances against the risk pool. There are important legal and policy considerations on both sides of the question.

The substance of Producers' grievance against Wausau is that Wausau had been paying similar claims both before and after refusing the claim on behalf of Producers' employee. As a result of Wausau refusing the claim, Producers claimed damages including: (1) having to come up with the money (more than $50,000) to handle the employee's claim at a time when the company was just getting started, thereby pushing the company to the brink of bankruptcy; and (2) having to face possible criminal charges for failing to have the proper insurance coverage.

At the outset, we find no help from Producers' position that *Maintenance* controls. In *Maintenance*, the Texarkana Court of Appeals explicitly did not address jurisdiction. 895 S.W.2d at 820.[7] All that *Maintenance* determined is that the servicing agent was not the proper defendant for claims of breach of a duty of good faith and fair dealing. *Id.* The only other authority relied upon by Producers is *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304 (5th Cir.1995). In *Northwinds*, the Fifth Circuit relied upon its own precedent in holding that the district court had original jurisdiction based on the inability of the administrative process to adjudicate or award damages on common law and statutory claims for relief.[8] *Id.* In *Northwinds*, the Fifth Circuit held that primary jurisdiction for such claims lies with the administrative system, thereby requiring abatement of proceedings in the district court while administrative remedies were exhausted. *Id.* at 1311–12. We note that the *Northwinds* solution would not avail

Producers, because their time for pursuing administrative remedies has long ago expired.[9]

There is scarce Texas case law on point, and cases in this area are not consistent, as illustrated by two similar cases from the Third Court of Appeals. In *Testoni v. Blue Cross & Blue Shield*, 861 S.W.2d 387 (Tex. App.—Austin 1992, no writ), the plaintiff brought extra-contractual claims for the first time in Travis County district court and sought review from the administrative decision. The court followed the Texas Supreme Court in *Employees Retirement Sys. v. Blount*, 709 S.W.2d 646 (Tex.1986), and *Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644 (Tex.1986), requiring all disputes arising from a denial of a claim to be brought administratively. *Testoni*, 861 S.W.2d at 390. However, the Third Court of Appeals, sitting *en banc*, recently overruled *Testoni* to the extent it requires the filing of extra-contractual claims at the agency level. *Montgomery v. Blue Cross & Blue Shield*, 923 S.W.2d 147, 151 (Tex.App.—Austin 1996, n.w.h.) (holding that exhaustion is not required because the administrative system was not authorized to adjudicate the extra-contractual claims).

Perhaps the most extensive explanation of rationales supporting Producers' position was given in *Council of Co-Owners of Saida II Towers Condominium Ass'n v. Texas Catastrophe Property Ins. Ass'n*, 696 S.W.2d 60 (Tex.App.—Austin 1985) (emphasizing concerns for preserving access to the courts and separation of powers), *rev'd*, *Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644 (Tex.1986). In *Saida II*, the Austin court of appeals expressly

7. Thus, if we were going to strictly address Producers' sole point of error, as framed (in terms of the trial court ignoring *Maintenance* as controlling law), we would have to overrule it.

8. Inability to provide all relief claimed has not been a bar to requiring exhaustion of administrative remedies in another similar context, resolution of grievances against a school district board of trustees. *See Roberts v. Hartley Indep. Sch. Dist.*, 877 S.W.2d 506, 507–08 (Tex.App.—Amarillo 1994, writ denied) (relying on *Texas Educ.*

*Agency v. Cypress–Fairbanks*, 830 S.W.2d 88 (Tex. 1992)).

9. We also question whether *Northwinds* squarely addressed the issue before us, because it characterizes Wausau's sole position in that case as "such claims did not lie against a servicing company." *Id.* at 1312. This is similar to the manner in which *Maintenance*, upon which *Northwinds* relied, was decided.

disagreed with the way in which two other courts of appeals had addressed the matter, namely *Rowden v. Texas Catastrophe Property Ass'n,* 677 S.W.2d 83 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), and *Texas Catastrophe Property Ass'n v. Miller,* 625 S.W.2d 343 (Tex.App.—Houston [14th Dist.] 1981, writ dism'd). *Council of Co–Owners of Saida II,* 696 S.W.2d at 67–68. When this Court addressed a similar issue in a medical liability insurance context, we found *Rowden, Miller,* and the Texas Supreme Court version of *Saida II* compelling in holding that administrative remedies must be exhausted before suing. *Stephanou v. Texas Medical Liability Ins. Underwriting Ass'n (JUA),* 792 S.W.2d 498, 500 (Tex.App.—Houston [1st Dist.] 1990, writ denied). By the clear weight of authority, we are similarly compelled.

We hold that enforcing exhaustion of all claims arising from a grievance under the administrative system is the best way to uphold the legislative purposes in establishing such a system without denying access to the judicial system. Access to the judicial system is not denied; it is only delayed until all aspects of the grievance that can be resolved in the administrative system are so resolved. The Fifth Circuit noted the wisdom of having these matters resolved by those with special expertise who are uniquely qualified to make such determinations. *Northwinds,* 69 F.3d at 1311. We note that the administrative system is also speedy, requiring action to begin within 30 days. TEX. INS.CODE ANN. art. 5.76j.[10] We also believe that, even though the administrative system may not be empowered to adjudicate, or provide full relief, on all claims arising from a grievance before it, once those matters capable of being resolved have been adjudicated, the parties may be able to resolve the remaining matters on their own, thereby obviating any need for filing suit.

We observe that in the present case, all causes of action brought by Producers arise out of the same grievance based on the denial of a worker's compensation insurance claim. Accordingly, we hold that the trial court did not err in granting Wausau's motion to dismiss for want of subject-matter jurisdiction based on Producers' failure to exhaust administrative remedies.

## Conclusion

We overrule Producers' sole point of error and sustain the trial court's order dismissing for want of subject-matter jurisdiction.

---

**10.** Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 17.09(c), 1989 TEX.GEN.LAWS 1, 118 (repealed 1993).