**STOREBRAND INSURANCE COMPANY U.K., LTD.**

**v.**

**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company.**

**Civil Action No. G–96–671.**

United States District Court, S.D. Texas, Galveston Division.

Aug. 25, 1997.

Franklin H. Jones, III, McAlpine Peuler and Cozad, New Orleans, LA, Robert Joseph Killeen, Jr., Killeen and Fierro, Houston, TX, for Storebrand Ins. Co. U.K., Ltd.

Christopher W. Martin, Bracewell and Patterson, Houston, TX, for Employers Ins. of Wausau.

## ORDER

KENT, District Judge.

Plaintiff filed this case on November 11, 1996, seeking indemnification from Defen-

dant for money paid to settle a claim brought against its insured. Now before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Amended Motion for Summary Judgment, both dated May 16, 1997. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

This case arises out of a convoluted set of facts, which the Court will briefly outline. Texas Drydock, Inc. ("TDI") is a ship maintenance and repair company based in Orange, Texas. In 1992, TDI entered into an employee leasing agreement with Stafftek, Inc., a staff leasing company. The leasing contract was subsequently assigned by Stafftek to a sister company, Stafftek, Inc. The contract provided, *inter alia*, that Stafftek and TDI would be considered joint employers of any leased employees and that Stafftek would obtain insurance that would cover both it and TDI for any hazards arising from their contractual relationship, including the risk that an injured employee would sue them. Stafftek had insurance coverage from the Texas Workers' Compensation Facility ("Facility").[1] The Facility designated Defendant to be the servicing company for Stafftek, and as such, Defendant issued a Workers Compensation and Employers Liability Insurance Policy to Stafftek. The policy included an alternate employer endorsement, through which all clients of Stafftek were to be insured as alternate employers. As a client of Stafftek, TDI was an additional insured under this endorsement.

On February 12, 1992, Sylvester Dickey ("Dickey"), an employee of TDI and Stafftek, was injured on a barge. Dickey filed suit against Stafftek and TDI, asserting claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and claims for negligence. Defendant Wausau agreed to defend TDI and Stafftek under their policy of insurance and proceeded with its defense in a normal course of fashion. Dickey apparently initially alleged that both Stafftek and TDI were his employers. Dickey later amended his petition to state that he was an employee of Stafftek and was injured on a barge owned and operated by TDI. TDI at some point filed a Motion for Summary Judgment on the issue of whether it was Dickey's employer because its status as employer would affect what damages Dickey could recover from it. At no time during the litigation did Dickey assert claims against TDI under section 905(b) of the LHWCA, which provides a third-party cause of action against the owner of a vessel for injury caused by the negligence of a vessel. *See* 33 U.S.C. § 905(b).

The Dickey litigation progressed, and the parties eventually went to mediation. Dickey made a demand of $500,000.00, which was the limit of the Wausau policy, to settle the entire case. Defendant Wausau consulted with the attorneys it had retained to defend the case and decided to offer only $300,000.00. TDI demanded that Wausau increase its offer to $500,000.00 because it felt that it had exposure to liability in excess of $500,000.00 and especially felt that it had exposure to liability under section 905(b) of the LHWCA. Defendant Wausau, however, believed that there was no exposure to liability under section 905(b) because Dickey never asserted a claim under section 905(b). Wausau refused to increase its offer. In order to settle the case, TDI turned to its comprehensive general liability insurer, Plaintiff Storebrand Insurance Company, to whom TDI paid premiums and from whom TDI received coverage for precisely this kind of event, for the outstanding $200,000.00. Plaintiff Storebrand paid the $200,000.00 but reserved its right to seek indemnification from Defendant Wausau. TDI subrogated its rights against Defendant Wausau to Plaintiff Storebrand. As the subrogee, Plaintiff Storebrand now seeks indemnification from Defendant Wausau for the $200,000.00 paid in settlement of

---

1. The Facility is a statutorily created non-profit unincorporated association of insurers. *See Northwinds Abatement, Inc. v. Employers Ins. of Wausau,* 69 F.3d 1304, 1306 (5th Cir.1995) (citing Tex Ins. Code Ann. art. 5.76–2 § 2.01). One of the purposes of the Facility is to provide insurance coverage for employers who cannot obtain insurance coverage in the voluntary market. *Id.* (citation omitted). When the Facility decides that an employer is entitled to insurance through its fund, it calculates the employer's deposit premium, and upon payment, designates a "servicing company" to issue the policy. *Id.* (citation omitted). The servicing company may be an insurer who is or is not a member of the Facility or may be a non-insurer. *Id.* (citation omitted).

the Dickey case and asserts claims for breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Article 21.21 of the Texas Insurance Code.

Both parties seek summary judgment in their favor. Plaintiff contends that its summary judgment evidence proves that Defendant breached its duty of good faith and fair dealing and violated the DTPA and the Texas Insurance Code by failing to include in the settlement offer money for TDI's potential liability under section 905(b). Defendant Wausau contends that it is not liable to Plaintiff because Plaintiff sued the wrong entity. Defendant claims that the Facility, and not it, is the insurer. Because it is merely the servicing company, Defendant contends that it cannot be liable for Plaintiff's claims against it. Moreover, Defendant contends that Plaintiff has failed to exhaust his administrative remedies by not appealing the underlying decision not to offer more than $300,000.00 to the State Board of Insurance, as purportedly required by statute.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). The burden then shift's to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushi-*

*ta*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

■ The Court first addresses Defendant's Motion for Summary Judgment because it involves jurisdictional issues. Defendant argues that the Court does not have jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies before filing this suit. Defendant contends that Plaintiff was required to appeal its decision to not offer more than $300,000.00 in the settlement to the State Board of Insurance under Texas Insurance Code Article 5.76–2, section 2.08. Defendant argues that because Plaintiff did not appeal this decision, it is now barred from challenging it. The Court is not convinced by this argument because the law on this issue appears to be in flux. The Fifth Circuit held in *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1310–11 (5th Cir.1995), that the exhaustion of administrative remedies doctrine did not apply in a case involving common-law or statutory tort claims against a insurance company member of the Facility because, *inter alia*, neither the Facility, the State Board of Insurance, or the Texas Workers' Compensation Commission has the authority to adjudicate common-law or statutory tort actions or to award damages. Subsequent to *Northwinds*, however, a Texas Court of Appeals held that the trial court did not have subject matter jurisdiction over a plaintiff's insurance breach of contract and tort claims because the plaintiff did not appeal the insurance company's decisions and thereby failed to exhaust its administrative remedies. *Producers Assistance Corp. v. Employers Ins. of Wausau*, 934 S.W.2d 796,

801 (Tex.App.1996). The court, in so holding, however, disagreed with and differed from the holdings of other Courts of Appeals on the same issue. The Texas Supreme Court has not spoken on the issue. The Court notes that it is inclined to agree with the Fifth Circuit's analysis of the issue and finds that it has jurisdiction over this case, especially in light of the unsettled nature of the issue in Texas law.

■ Having found that it has jurisdiction, the Court now addresses Defendants argument that Plaintiff sued the wrong entity because the Facility is actually the insurer in this case. Under the statute governing the Facility, the Facility is the insurer and the servicing company is merely an agent that issues policies for the Facility. *Maintenance, Inc. v. ITT Hartford Group, Inc.*, 895 S.W.2d 816, 818 (Tex.App.-Texarkana 1995, writ denied). The servicing company is not liable as an insurer but only as a reinsurer. *Id.* Only an insurer, here the Facility, and not an agent, here the servicing company, can be liable for breach of the duty of good faith and fair dealing. *Id.* at 819 (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex.1994)). Therefore, an employer insured through the Facility has no cause of action against a servicing company for breach of the duty of good faith and fair dealing. *Northwinds*, 69 F.3d at 1311 (citing *Maintenance*, 895 S.W.2d at 819). An employer, does, however, have a cause of action against the servicing company in its agency capacity for violations of the DTPA and the Texas Insurance Code because "an agent may be liable for its own acts of negligence or fraud committed in performing a contract for its principal if those negligent or fraudulent acts cause reasonably foreseeable harm to a third party." *Maintenance*, 895 S.W.2d at 819 (citing *Whitson Co. v. Bluff Creek Oil Co.*, 278 S.W.2d 339 (Tex.Civ.App.-Fort Worth 1955), *aff'd*, 156 Tex. 139, 293 S.W.2d 488 (1956)). Therefore, for the reasons stated above, Plaintiff may not assert a cause of action against Defendant for breach of the duty of good faith and fair dealing, and this claim is hereby **DISMISSED WITH PREJUDICE.** Plaintiff may assert a cause of action against Defendant for violations of the DTPA and the Texas Insurance Code.

■ In order to prevail on a claim for violations of the DTPA and the Insurance Code, an insurer must establish the same predicate for recovery as that required for bad faith causes of action. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997). A cause of action for bad faith exists "when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial." *Id.* at 459 (citing *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987)) (emphasis in original). In other words, an insurer will not be liable in tort for challenging a claim of coverage if there was any reasonable basis for denial of that coverage. *Id.* at 460.

■ The Court finds that a reasonable basis existed for Defendant to offer a maximum of $300,000.00 to settle the Dickey case. Attorneys retained by Defendant Wausau in the Dickey case were of the opinion that the value of Dickey's compensation claim ranged from about $131,500.00 to $435,000.00. Furthermore, Defendant Wausau believed there was no potential liability for TDI under section 905(b) because Dickey never asserted a claim under that section and Wausau believed that he could not assert one because the statute of limitations had run on it. Therefore, Defendant had a reasonable basis for its settlement offer of $300,000.00. Plaintiff Storebrand has presented no evidence to suggest that Defendant did not have a reasonable basis for not increasing the settlement offer. The evidence shows that Defendant investigated the claim and performed a reasonable analysis and valuation of it. Therefore, the Court finds that Defendant is not liable for violations of the DTPA and the Insurance Code because a reasonable basis existed for its decision. Accordingly, Plaintiff's claims for violations of the DTPA and the Texas Insurance Code are **DISMISSED WITH PREJUDICE.**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**. Each and every claim herein asserted by Plaintiff is **DISMISSED**

WITH PREJUDICE. The parties are **OR-DERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also instructed to file nothing further on this issue in this Court, including motions to reconsider and the like unless compelling evidence warrants such a reconsideration. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**