**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41112

STOREBRAND INSURANCE COMPANY U.K., LIMITED,
                                        Plaintiff-Appellant,

VERSUS

EMPLOYERS INSURANCE OF WAUSAU,
        A MUTUAL COMPANY,
                                        Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

May 7, 1998

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This is an appeal from the United States District Court for the Southern District of Texas, Galveston Division, the Honorable Samuel B. Kent, presiding. The district court granted summary judgment in favor of the Defendant-Appellee, Employers Insurance of Wausau ("Wausau"), and dismissed with prejudice the claims of the Plaintiff-Appellant, Storebrand Insurance Company ("Storebrand"). Storebrand appealed, and the matter now lies before this circuit.

### Background

In December of 1991, the Texas Workers' Compensation Insurance

1

Facility ("the Facility"), Texas' insurer of last resort, issued a liability policy to Stafftek, Inc. ("Stafftek"), a staff leasing company. Pursuant to the Texas Insurance Code, the Facility chose Wausau to service the policy. This policy contained an Alternate Employer Endorsement extending coverage to "all clients" of Stafftek.

In February of 1992, Stafftex, Inc. ("Stafftex"), a staff leasing company, entered into an employee leasing contract ("the Contract") with Texas Drydock, Inc. ("TDI"), a ship maintenance and repair company. The Contract was subsequently assigned by Stafftex to its sister company, Stafftek. The Contract provided that Stafftek and TDI would be considered to be joint employers of the leased employees and that Stafftek would obtain insurance coverage protecting Stafftek and TDI from risks arising from this arrangement, including the possibility of a lawsuit from an injured employee. The aforementioned Wausau insurance policy covered this arrangement, because TDI was a client of Stafftek. Storebrand provided general liability insurance to TDI.

On February 12, 1992, Sylvester Dickey ("Dickey"), an employee of Stafftek under the control and direction of TDI, was injured while working on a barge.[1] Dickey filed a lawsuit against TDI, though he later amended his complaint to include Stafftek and Stafftex as defendants. He brought claims under the Longshore and

---

[1] Dickey was originally hired by TDI in 1987, but in 1990, TDI required all hourly employees to enter into employment contracts with Stafftek. Such employees continued in their original jobs with TDI while Stafftek performed administrative employer functions, such as payroll.

2

Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §901, *et seq.*, and asserted claims of negligence. Over the course of the years of litigation, Dickey again amended his complaint, in a manner which suggested to Wausau that Dickey alleged that Stafftek alone was his employer.[2] Dickey never alleged a third-party claim under §905(b) of the LHWCA. Wausau alleges that this fact, among others, led them to believe that there would be no §905(b) employers' liability, and Wausau analyzed its risk exposure accordingly.

The case went to mediation. Based on the analysis of Wausau's attorney, W. Robins Brice ("Brice"), the Facility , through Wausau, offered $300,000 to settle Dickey's claims. Dickey would not accept less than $500,000. TDI argued that the Facility should pay the full amount. In the end, Wausau paid $300,000, and Storebrand paid $200,000, the difference between what Wausau paid and Dickey's demands. Storebrand did not appeal the Facility's decision to the Texas Department of Insurance or any other body. Instead, it filed suit against Wausau.

Storebrand filed suit against Wausau, in the Galveston Division of the Southern District of Texas, asserting causes of action for negligence, gross negligence, breach of the duty of good faith and fair dealing ("bad faith"), violations of Texas Insurance Code Article 21:21 and the Texas Deceptive Trade Practices Act ("DTPA"), and common law indemnification. Storebrand sued in its

---

[2]While TDI filed a motion for summary judgment on the employment issue during the course of the Dickey litigation, it was never decided upon.

individual capacity and as the subrogee of TDI.  The parties filed cross-motions for summary judgment.  The district court granted summary judgment in favor of Wausau, though it disagreed with Wausau's contention that the district court lacked jurisdiction over this matter.  Storebrand's claims were dismissed with prejudice.  Storebrand timely appealed, on the Article 21:21 and DTPA issues, and on *Stowers*[3] claims.  The matter now lies before this panel.

## Standard of Review

The standard of review for the granting of a motion for summary judgment is *de novo*.  *BellSouth Telecommunications, Inc. v. Johnson Bros. Group,* 106 F.3d 119, 122 (5th Cir. 1997); *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996).  Summary judgment is warranted when "the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  FED.R.CIV.P. 56(c); *Celotex v. Catrett*, 477 US 317, 322 (1986).

## Analysis

The first issue to be dealt with is the issue of subject matter jurisdiction.  Wausau argued at the district court level that the district court did not have subject matter jurisdiction

_____

[3]A *Stowers* claim is based on the holding in *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex.Comm'n.App. 1929, holding approved), an issue to be defined and discussed later.

4

over this matter because Storebrand had not exhausted its administrative remedies. The district court rejected this argument, and Wausau argued it again before this circuit. We agree with the district court.

The district court described the law on this matter as being "in flux." The district court pointed out that in *Northwinds Abatement Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1310-11 (5th Cir. 1995), this circuit held that the exhaustion of administrative remedies doctrine did not apply in cases involving tort claims against a company member of the Facility, because the relevant administrative bodies do not have the authority to adjudicate tort actions or to award damages.

Wausau cited two recent Texas court of appeals decisions for the contention that one must pursue and exhaust all administrative remedies even when extra-contractual damages are sought. *See Metro Temps, Inc. v. Texas Workers' Compensation Ins. Facility*, 949 S.W.2d 534, 535 (Tex.App.--Austin 1997, no writ); *Producers Assistance Corp. v. Employers Ins. of Wausau*, 934 S.W.2d 796, 800 (Tex.App.--Houston [1st Dist.] 1996, no writ). These cases are distinguishable, because they involve insureds who should have exhausted their remedies, while Storebrand is not an insured and was not a participant in the Facility. Judge Kent held that the Texas law on this is at best unsettled, and that this circuit's reasoning in *Northwinds* governs.[4] We agree, and affirm Judge Kent

---

[4]Indeed, in his decision, Judge Kent considered and rejected one of the cases cited by Wausau as authority on this point, and pointed out that the Texas Supreme Court has not spoken on this

on this point.

The next issue is whether Wausau's actions were in violation of the Texas Insurance Code or Deceptive Trade Practices Act. The district court held that they were not. The district court stated that the predicate for recovery on these claims is the same as that required for bad faith causes of action. *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Such a cause of action exists "when the insurer has no reasonable basis for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial." *Id.* at 459 (citing *Arnold v. National County Mut. Fire. Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). Also, it should be noted that under the Texas Insurance Code, the Facility is the insurer, not Wausau, because Wausau merely serviced the policy. *Northwinds*, 69 F.3d at 1306. As such, Wausau cannot be held liable for general claims of breach of good faith and fair dealing, only for the Insurance Code and DTPA claims. *See Id.* at 1311.

The district court held that Wausau's actions passed muster under the standard set forth by *Northwinds* and *Higginbotham* with regard to the Insurance Code and DTPA claims. Judge Kent held that there was a reasonable basis for Wausau to offer a maximum of $300,000 to settle the Dickey case, based on the analysis of its attorneys regarding the value of the claim. Also, the district court considered it reasonable that Wausau believed it did not have

specific issue.

potential liability for TDI under §905(b), because Dickey never asserted a claim against TDI under §905(b) and Wausau believed the statute of limitations had passed on this issue.[5] We agree with the reasoning and decision of the district court on this issue, and we see no reversible error on this point.

Storebrand contends that the district court erred in finding that Wausau acted in good faith and thus was immune from liability under Article 21:21 and the DTPA. Storebrand's claims complain of unfair claims settlement practices. As such, they do not sound in fraud, nor do they claim fraud or misrepresentation. Instead, they are essentially statutory bad faith claims. We have already stated that we believe Wausau's actions were reasonable. Similarly, we do not see any evidence of bad faith. Wausau did not lie to Storebrand or TDI, it merely acted on its analysis of what was appropriate to be paid out in this matter, and its analysis was not unreasonable. We find no reversible error with regard to this issue.

Storebrand also appeals the dismissal of its *Stowers* claim. The *Stowers* doctrine is a very old and venerable doctrine in Texas law. Under *Stowers*, an insurer is required to exercise the degree of care and diligence when responding to settlement demands within

---

[5]Storebrand argued in its brief that the §905(b) claim could relate back to the original filing, under a Texas court of appeals case called *Bradley v. Etessam*, 703 S.W.2d 237, 240 (Tex.App.--Dallas 1985, writ ref'd n.r.e.). We do not pass on this issue, given that it is peripheral to this case, does not affect the reasonability analysis given the totality of facts in this case, and because our court is not bound by a singular decision of one Texas court of appeals regarding a completely different case and set of facts.

policy limits which an ordinary and prudent person would exercise in managing his own business. *Stowers,* 15 S.W.2d at 547. If the insurer does not exercise that degree of care and diligence, "an insured may recover from his insurer the entire amount of a judgment in excess of policy limits rendered against him..." *Ecotech Int'l Inc. v. Griggs & Harrison*, 928 S.W.2d 644, 646 (Tex.App.--San Antonio 1996, writ denied).

Storebrand does not prevail under the terms of the *Stowers* doctrine. First, Wausau's actions were not unreasonable, and they were not imprudent. Also, no judgment was made against TDI, because the matter was settled in mediation. Further, the insurer in this case is the Facility, and Wausau should not be made liable as an insurer in this context. On this issue, the district court was correct in finding in favor of Wausau, as it did elsewhere. We find no reversible error in Judge Kent's decision, and we affirm.

## Conclusion

Given the foregoing, we find no reversible error in Judge Kent's decision. Accordingly, we AFFIRM the decision of the district court granting summary judgment in favor of Wausau in this matter.

AFFIRMED.