IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-41469

Summary Calendar

---

CAROL MYERS,

Plaintiff-Appellant,

versus

EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:00-CV-172)

---

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carol Myers appeals the district court's order granting summary judgment to Employers Insurance on statute of limitations grounds. Having reviewed her arguments, we agree with the judgment of the district court.

Myers suffered a workplace injury and filed a worker's compensation claim. Parts of her claim were denied. She initiated an administrative dispute resolution proceeding through the Texas

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Worker's Compensation Commission, and as a result her claims were eventually approved. Myers then sued, claiming that the delay in treatment exacerbated her injury.

The district court granted summary judgment to Employers Insurance on the grounds that the statute of limitations had run on Myers's claim. The applicable statute of limitations is two years.[1] Myers filed her lawsuit more than two years after her benefits were initially denied, but less than two years after the conclusion of her administrative proceeding. If, therefore, the statute of limitations began to run with the denial of benefits, her lawsuit was untimely and the judgment of the district court must be affirmed. If, by contrast, the statute did not begin to run until her administrative remedies were exhausted, then her lawsuit was timely and the judgment of the district court must be reversed.

Under Texas law, for statute of limitations purposes, "a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy."[2] For a case challenging the denial of insurance benefits, that time will ordinarily be the moment at which benefits were denied.[3] The Texas worker's compensation scheme, however, provides for an

---

[1] *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 827 (Tex. 1991).

[2] *Id.* at 828.

[3] *Id.*

2

administrative review process.[4]  When a trial court hears worker's compensation cases, it does so on appeal from the decision of the administrative agency, and only has jurisdiction to do so once the administrative remedies are complete.[5]  Thus, at least as regards a claim for denial of benefits, a plaintiff is only authorized to seek a judicial remedy once her administrative remedies are exhausted.

The question raised by this case is whether or not the same rule should apply to claims other than those for benefits denied. Myers seeks to recover damages for bad faith denial of coverage. It is clear that the Worker's Compensation Commission cannot grant the relief Myers seeks–the Commission can only award worker's compensation benefits, and cannot award tort, contract, or punitive damages.[6]  On the other hand, the Commission can determine whether or not Myers was entitled to benefits in the first place.  While a court would review that determination *de novo*, the Texas statutory

---

[4] *See Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 396 (Tex. 2000) (defining benefits available under the Texas Worker's Compensation Act to include medical benefits, and stating that "disputes concerning a carrier's liability for benefits are resolved through the dispute resolution procedures . . . involv[ing] a benefit review conference, a contested case hearing, and an appeal to the commission appeals panel").

[5] *See Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 77 (Tex. App. - Dallas 1995).

[6] *See Golden v. Employers Ins. of Wausau*, 981 F. Supp. 467 (S.D. Tex. 1997).

scheme clearly contemplates that the Commission will decide in the first instance.

The Texas Supreme Court has not passed on the question of whether a plaintiff must exhaust her administrative remedies before pursuing claims for relief not grantable by the Commission. The Texas appellate courts are divided on the issue.[7] The Fifth Circuit, however, has made an *Erie* guess. In *Northwinds Abatement, Inc. v. Employers Insurance of Wausau*,[8] we held that where the Worker's Compensation Commission "has no power to provide the remedy sought, then, exclusive jurisdiction cannot rest in that body."[9] We therefore held that a district court may take original jurisdiction over such a claim before the administrative remedies are exhausted.[10] In order to protect the statutory scheme providing for the Commission to determine some issues in the first instance, we instructed the district court to hold the case in abeyance until the administrative proceeding was complete.[11] We reaffirmed our

---

[7] *See Stonebrand Ins. Co. v. Employers Ins. of Wausau*, 974 F. Supp. 1005, 1008-09 (S.D. Tex. 1997) (collecting Texas cases), *aff'd*, 139 F.3d 1052 (5th Cir. 1998).

[8] 69 F.3d 1304 (5th Cir. 1995).

[9] *Id.* at 1310.

[10] *Id.* at 1310-11.

[11] *Id.* at 1311.

guess in *Stonebrand Insurance Company v. Employers Insurance of Wausau*.[12]

Those decisions control until such time as the Texas Supreme Court speaks to this issue. Accordingly, we hold that Myers was authorized to seek a judicial remedy for tort and other damages as soon as her benefits were wrongfully denied. Her obligation to exhaust administrative remedies applied only to her claim for the benefits themselves. The statute of limitations therefore expired before Myers filed her suit, and the district court was correct to so hold.

AFFIRMED.

---

[12] 139 F.3d 1052, 1055 (5th Cir. 1998).