United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20589
Summary Calendar

GERALD FRANKLIN,

Plaintiff-Appellant,

versus

BOEING COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:04-CV-844)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Before the court is an appeal from the district court's grant of summary judgment

in favor of The Boeing Company ("Boeing") on Gerald Franklin's Title VII and 42 U.S.C.

§ 1981 claims. Franklin, who is black, had asserted that he did not receive a promotion to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

a supervisory position because of his race, that he did not receive as high a merit-based raise as white engineers, and that he did not receive a promotion to a lead position because of his race. For the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

Franklin works for Boeing as an engineer. In 2000, Franklin's supervisor was Chris Byrne, who is white. In March 2002, James Purcell, who is also white, became Byrne's supervisor. In the autumn of that year, Byrne was transferred from his supervisory position, and Purcell posted the vacancy. Ninety-two people applied for the job, including Franklin. The posting listed several qualifications of successful candidates, including educational credentials meeting the classification standards for engineers, a minimum of ten years of avionics experience, and two years of management experience. Purcell did not interview Franklin and, ultimately, selected a white engineer, Jeffrey Hicks, from outside Franklin's group to fill Byrne's old position.

In March 2003, Franklin received a performance-based raise that he perceived as inadequate. Prior to receiving the raise, Franklin had received a negative evaluation—his worst at Boeing—from Hicks regarding Franklin's performance in 2002, who wrote it with input from Franklin's team leader and Purcell. Franklin asserts that his merit-based salary increase for that time period was lower than it had been in prior years and was lower than that received by white engineers.

Around the same time, Purcell approached Franklin to inquire about his interest in transferring to Boeing's new homeland security group. Franklin answered affirmatively

- 2 -

and ultimately accepted a job in this new group, to which he transferred in May 2003. Because of Franklin's departure, Purcell approached a well-qualified employee in another group, Sheri Mutchler, to replace Franklin. Mutchler agreed to transfer into the department, and, to entice her transfer, Purcell designated her position as a lead position within the group. Franklin claims racial discrimination in that Purcell offered Mutchler, a white engineer, the lead designation that was never offered to him.

## II. STANDARD OF REVIEW

The district court's grant of summary judgment is reviewed de novo. *Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau*, 139 F.3d 1052, 1055 (5th Cir. 1998). The district court's evidentiary rulings are reviewed for abuse of discretion, as is the district court's decision to deny additional discovery under Rule 56(f). *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995); *see also Adams v. Travelers Indem. Co.*, 465 F.3d 156, 162 (5th Cir. 2006) (reviewing the district court's denial of a Rule 56(f) motion).

## III. DISCUSSION

Franklin challenges the district court's grant of summary judgment on his two failure-to-promote claims and on his inadequate raise claim. Franklin also challenges the district court's discovery rulings.

A Title VII plaintiff bears the burden of establishing a prima facie case of discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the plaintiff meets this burden, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision. *See McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant carries this burden, the burden shifts back to the plaintiff to demonstrate that the defendant's legitimate, non-discriminatory reason is a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). The plaintiff must substantiate his claim of pretext through "evidence demonstrating that discrimination lay at the heart of the employer's decision" or that the asserted justification is false. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

## A.    Promotion to group supervisor

Boeing concedes that Franklin established a prima facie case. Boeing offers as a legitimate, non-discriminatory reason for hiring Hicks that Hicks had superior communication and leadership skills and that Hicks had managerial experience and other relevant experience indicating that he would excel at the job. The dispute between the parties is whether Franklin has created a genuine issue of material fact as to whether this reason offered by Boeing was a pretext for intentional discrimination.

Franklin offers four arguments why he created a genuine issue of material fact about whether Boeing's reason was pretextual, all of which are without merit. Franklin claims that Hicks was originally eliminated from the list of potential candidates for "other job related reasons" and that this screening somehow suggests that Hicks was not more qualified than Franklin. Franklin is incorrect because the determination, after further consideration, that Hicks was more qualified only shows a deliberative, continuing hiring process. It does not create a fact issue as to whether Hicks was or was not more qualified

- 4 -

than Franklin. Similarly, that Purcell considered subjective factors such as the candidates' leadership and communication skills in addition to objective ones does not create a genuine issue about whether Purcell's decision was pretextual, unless no reasonable person would have chosen Hicks over Franklin, which is not the case. *See Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) (discussing the standard for determining whether a Title VII-protected applicant's qualifications are superior to another's). Franklin's remaining assertions, that Boeing's internal human resources software demonstrated that Purcell "lied" about his decisional process and that Purcell's subjective judgments were unsupportable, are equally unavailing. *See Page v. U.S. Indus., Inc.*, 726 F.2d 1038, 1046 (5th Cir. 1984) ("It is clear that a promotional system which is based upon subjective selection criteria is not discriminatory per se."). Purcell exercised his discretion in reviewing candidates over a period of time and considered personal experience with Franklin's leadership and communication skills before hiring Hicks. Franklin has not demonstrated a genuine issue of material fact on his promotion-to-supervisor claim.

## B.     The 2003 raise

Boeing has not conceded that Franklin established a prima facie case. Assuming, however, that Franklin can establish one, he has not created a genuine issue of material fact as to whether Boeing's legitimate, non-discriminatory reason for the promotion—job performance—was pretextual. Franklin received a performance evaluation for his work in 2002 which was worse than his evaluations in years past. This resulted in his lower-

than-normal pay increase. That Franklin's team leader gave Franklin high marks for the same time period and that Franklin received a performance award from NASA, Franklin's primary customer that year, do not create a genuine issue of material fact. Nor do these assertions, without more, support the inference, urged by Franklin, that Boeing falsified his performance evaluation. The independent assessment of a team leader regarding job performance does not raise an inference that Franklin's supervisor's assessment was pretextual; it is only indicative of varying experiences with Franklin. And a supervisor's subjective assessment of an employee is not evidence of pretext. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003) ("The mere fact that an employer uses subjective criteria is not . . . sufficient evidence of pretext."). As the district court found, Franklin's performance rating was probably attributable to communication problems and an argument Franklin had with his prior supervisor. Also, Franklin's attempt to create a fact issue by pointing to an award received from NASA does not help his claim, since he received the award *after* receiving the performance rating and the performance raise.

## C.   Lead Designation

Boeing again concedes that Franklin has established a prima facie case of discrimination. The parties dispute the pretext issue. Boeing asserts that it designated Mutchler the lead because of the need to fill Franklin's position quickly with an experienced person. Purcell thought that Mutchler would transfer to the group if offered the incentive of having a title, even though it involved no additional pay.

Franklin's pretext argument is that Purcell's designating Mutchler the lead together

with the fact that Purcell did not entice Franklin to stay with the offer of a lead designation creates a fact issue on whether Purcell's true reason was race-based. Franklin's argument is without merit. As Franklin admits, Purcell was not required to entice Franklin to stay, and Franklin's departure created an urgency to fill the position, thus justifying Purcell's designation of the position as a lead position. Franklin has not created a genuine issue of material fact on his lead designation claim.[1]

## D. Evidentiary decisions

Franklin challenges the district court's denial of a continuance, sought under Rule 56(f), to have time to take the depositions of two employees who formerly worked for Purcell. He also challenges the district court's rulings that (1) a certain declaration by a former co-worker of Franklin and (2) Franklin's statements concerning what two of his former co-workers said concerning Purcell were hearsay and contained legal conclusions.

The district court has wide discretion in managing evidentiary and discovery matters. *See, e.g., Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Though Rule 56(f) motions should be liberally granted, *see id.*, to obtain relief under Rule 56(f), a party must show that he needs additional discovery and how the discovery requested will create a genuine issue of material fact, *see Adams*, 465 F.3d at 162. Regarding the Rule 56(f) issue, as to one employee, Franklin inadequately responded to the district court's request to clarify how the information Franklin sought to discover

---

[1]To the extent that Franklin challenges the district court's grant of summary judgment on his 42 U.S.C. § 1981 claim, we reject his arguments for the same reasons as his Title VII claims.

would create a genuine issue of material fact, as required under Rule 56(f). Regarding the other, who was Purcell's administrative assistant for a short time, Franklin has not shown that the information that purportedly would have been obtained in the deposition would have been helpful in opposing Boeing's motion for summary judgment. As the district court found, the assistant was not involved in Purcell's hiring decisions, and she was not involved in any decisions regarding performance raises. We are satisfied with the court's careful consideration of these evidentiary issues, and we are satisfied that the district court's other limitations on the discovery were within its discretion. *See Kelly*, 61 F.3d at 360 (finding no abuse of discretion where the district court considered the instances of allegedly discriminatory comments and found them to be irrelevant). Here, Franklin only asserts that the employee's testimony would generally assist him in showing the racial atmosphere and discriminatory practices at Boeing. He is not entitled to additional discovery under Rule 56(f). *See Elliot v. Group Medical & Surgical Serv.*, 714 F.2d 556, 566 (5th Cir. 1983) (holding that conclusory statements regarding discriminatory animus were not enough to create an issue of fact on pretext).

Franklin also challenges the district court's exclusion of portions of a declaration of Franklin's former co-worker as containing hearsay and legal conclusions and the exclusion of portions of Franklin's statements as hearsay. We again are satisfied with the court's consideration of these evidentiary issues and perceive no abuse of discretion by the district court.

## IV. CONCLUSION

We AFFIRM the judgment of the district court.