# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 07-50061
Summary Calendar

CAROLINE HOELSCHER-KOSEL

Plaintiff-Appellant

v.

JAMES NICHOLSON, SECRETARY OF VETERANS AFFAIRS

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-05-CA-021

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Caroline Hoelscher-Kosel appeals the district court's grant of summary judgment for the Defendant-Appellant James Nicholson, Secretary of Veteran Affairs, on her retaliation claim.  We AFFIRM.

## FACTS

Hoelscher-Kosel is a female Physician's Assistant employed at the Temple, Texas VA Hospital.  She began working at Temple in September 1995, at which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time she was assigned to the Primary Care section. In November 1999, she was reassigned to the Hospitalist Team. Following a staffing review of the Hospitalist program that began in 2001, hospital personnel determined that the number of Physician Extenders on the Hospitalist Team should be reduced from two to one. Because Hoelscher-Kosel, unlike the other Physician Extender Joe Bielik, had not been trained to perform bone marrow biopsies, hospital personnel decided to keep Bielik on the Hospitalist Team and to transfer Hoelscher-Kosel to the Compensation and Pension (C&P) section to assist in performing C&P examinations in September 2002. Shortly thereafter, hospital personnel learned that Hoelscher-Kosel had previously worked with the Chief of C&P, who she alleged had sexually harassed her. She was then immediately returned to the Hospitalist Team and Bielik was transferred to C&P. In that position, Bielik continued to perform bone marrow biopsies on a limited basis for the Hospitalist Team. After her return to the Hospitalist Team, Hoelscher-Kosel began bone marrow training but was unable to successfully complete the training because of a physical limitation. On November 12, 2002, she filed an employment discrimination complaint with the VA's Equal Employment Office, alleging gender discrimination on the basis of the reassignment to C&P and other conduct by hospital personnel.

In March 2003, the Employee Health and Environmental Medicine Department received approval for a full-time Physician Extender. The Hospital's Acting Chief of Staff, Dr. T. Ulf Westblom, proposed to reassign Hoelscher-Kosel to Employee Health and Environmental Medicine and to move Bielik back to the Hospitalist Team. Because this plan involved transferring Hoelscher-Kosel to a department outside of Medical Services, it required discussion with the employee union before implementation. On March 26, 2003, Dr. Westblom met with Hoelscher-Kosel and the union president, Clementine Ray, to discuss the proposed reassignment. Hoelscher-Kosel and Ray objected

on the basis that Hoelscher-Kosel was more senior than Bielik. Despite their objections, Dr. Westblom ultimately decided on March 28, 2003 to reassign Hoelscher-Kosel to Employee Health and Environmental Medicine and to move Bielik back to the Hospitalist Team. Hoelscher-Kosel's reassignment did not result in a loss of grade, pay, or benefits.

On January 18, 2005, Hoelscher-Kosel filed this suit in the United States District Court for the Western District of Texas against James Nicholson, in his official capacity as Secretary of the Department of Veteran Affairs(VA), pursuant to Title VII of the Civil Rights Act of 1964, alleging gender discrimination and retaliation. On October 23, 2006, the district court granted the VA summary judgment on all of Hoelscher-Kosel's claims, finding that she had failed to make out a prima facie case of retaliation and that she did not show that the VA's legitimate, nondiscriminatory reason was a pretext for gender discrimination and retaliation. Hoelscher-Kosel now appeals the district court's grant of summary judgment solely on the retaliation claim.[1]

## ANALYSIS

We review the district court's grant of summary judgment de novo, using the same standards applied by the district court. Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau, 139 F.3d 1052, 1055 (5th Cir. 1998).

Under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the plaintiff must first establish a prima facie case for retaliation, which requires a showing that: (1) she engaged in activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. See, e.g., McCoy v. City of Shreveport, 492 F.3d 551, 556-57

---

[1] The VA cross-appeals the district court's denial of its motion to dismiss Hoelscher-Kosel's retaliation claim for failure to exhaust administrative remedies. Because we affirm the district court's grant of summary judgment on the retaliation claim for other reasons, we need not address this argument.

(5th Cir. 2007). Once the employee has established a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. See Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002). If the employer meets its burden, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true and instead is a pretext for the real retaliatory purpose. McCoy, 492 F.3d at 557.

The district court correctly granted summary judgment on Hoelscher-Kosel's retaliation claim. Pretermitting the issue of whether Hoelscher-Kosel made a prima facie showing of retaliation, she has failed to rebut the VA's proffered legitimate reason for her reassignment to the Employee Health and Environmental Medicine Department. Namely, after a staffing review, hospital personnel decided to reduce the number of Physician Extenders from two to one on the Hospitalist Team as part of the VA's plan to move to more full-time Physicians. Concurrently, hospital personnel determined that there was an ongoing need for the remaining Physician Extender to be able to perform bone marrow biopsies for quality of care reasons. Because Bielik was trained to perform the procedure, whereas Hoelscher-Kosel was not, the VA decided to move Bielik back to the Hospitalist Team and to reassign Hoelscher-Kosel. Thus, Hoelscher-Kosel has failed to create a genuine issue of material fact as to whether the VA's decision to reassign her to the Employee Health and Environmental Medicine Department was a pretext for retaliation.

Because this court affirms the district court's grant of summary judgment on this basis, it need not address appellant's argument that the district court improperly applied the Supreme Court's decision in Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405 (2006) to find that she had not established a prima facie case of retaliation.

CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment on Hoelscher-Kosel's retaliation claim is AFFIRMED.