## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2012

No. 12-50098
Summary Calendar

Lyle W. Cayce
Clerk

CONNY B. HATCH III,

Plaintiff-Appellant

v.

DEL VALLE INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
1:10-CV-453

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

The defendant school district terminated the African-American male plaintiff, Conny B. Hatch III ("Hatch"), from his teaching assistant position in May 2009. Hatch, proceeding pro se, subsequently brought suit against the defendant-appellee, alleging various violations of Title VII's anti-discrimination and anti-retaliation provisions. The district court granted summary judgment against Hatch and dismissed all of his claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50098

I.

Appellant Conny Hatch is an African-American male and former employee of the Del Valle Independent School District ("DVISD"). Between October 2007 and May 2009, Hatch was employed with DVISD as a substitute teacher and teaching assistant at the Disciplinary Alternative Education Program ("DAEP"). After completing his college degree in December 2008, Hatch expressed his interest in becoming a fully-certified teacher with the school district.

During the 2008-2009 school year, DAEP principal Holly Tarter ("Tarter") and DAEP assistant principal Mario Palacios ("Palacios") began to see that Hatch was not meeting their professional expectations. According to their affidavits, Hatch failed to actively monitor the students, failed to properly supervise students, and despite instructions to the contrary, continued to remain seated in the classroom and wear sunglasses in the classroom. Principal Tarter identified each of these shortcomings to Hatch in a February 16, 2009 memorandum. Hatch immediately objected to the memo, claiming that it was racially and sexually discriminatory. Hatch alleged in his complaint that white female teaching assistants were permitted to sit in the classroom, and he had seen other teachers wear sunglasses in the classroom, yet he was being "singled out."

In March 2009, a science teacher position opened up at DAEP. It was temporarily filled by another long-term substitute, Regan Dowdy ("Dowdy"). Though Hatch applied for the permanent position, Dowdy was eventually selected to fill the position permanently.

Around May 1, 2009, Assistant Principal Palacios received a complaint about Hatch from another teacher, Nicole Arenas ("Arenas"). Arenas had left her classroom under Hatch's supervision while she went on her lunch break. Arenas returned to the classroom to find that her students had apparently engaged in a "paint fight" while Hatch sat idly nearby with his sunglasses on. Another

2

No. 12-50098

disciplinary memorandum was sent to Hatch, again directing him to better monitor student discipline issues and not to wear sunglasses in the classroom. Hatch refused to sign the memorandum.

After this incident, Principal Tarter determined that she would not offer Hatch a teaching assistant position at DAEP for the following year. In a meeting on May 7, 2009, Palacios and Tarter advised Hatch that he was going to be given the opportunity to resign rather than be terminated. The following day, Hatch filed a grievance with DVISD. Before Hatch's grievance was resolved, Arenas lodged another complaint with Principal Tarter about Hatch. This time, she complained that Hatch had initiated an unsupervised meeting with a parent, something which teaching assistants were not permitted to do. After this incident, Principal Tarter advised DVISD's human resources department that Hatch would not be offered a teaching assistant position at DAEP during the 2009-2010 school year.

Hatch brought suit against DVISD under Title VII of the Civil Rights Act of 1964, alleging racial discrimination, gender discrimination, and retaliation. Hatch first argued that by disciplining him for sitting and wearing sunglasses in the classroom and meeting with parents, and by terminating his employment, DVISD had discriminated against him based on his race. Second, Hatch argued that DVISD discriminated against him based on his gender by passing him over for the permanent science teacher position and by paying him less than his female counterparts. Third, Hatch argued that DVISD retaliated against him for his grievance by disciplining him and refusing to renew his employment. Lastly, in response to DVISD's summary judgment motion, Hatch asserted that DVISD's disciplinary process deprived him of due process.

In a magistrate opinion and order adopted by the district court, the magistrate judge granted summary judgment for DVISD, dismissing all of Hatch's claims. Specifically, the court found that Hatch failed to present

3

No. 12-50098

summary judgment evidence that the February 2009 memorandum was motivated by discrimination.  The court also found that Hatch failed to offer any summary judgment evidence that his later termination was based on his race. The court next found that Hatch failed to state  a prima facie claim of gender discrimination when he was passed over for a permanent teaching job, because Hatch was not qualified for the science teacher job which he sought. The court also found that Hatch failed to offer any evidence that he was paid differently from other workers in his position. The court found further that Hatch failed to offer any summary judgment evidence that his termination or discipline was retaliatory in nature. Lastly, the court refused to entertain Hatch's due process objection because it was raised for the first time in his response to the defendant's summary judgment motion.[1]

## II.

We review an order granting a motion for summary judgment *de novo*. *Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau*, 139 F.3d 1052, 1055 (5th Cir. 1998). Summary judgment is warranted when the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

Title VII makes it "an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2006). To state a

---

[1] Hatch twice mentions in his brief that his "rights of due process" have been abridged. Although Hatch has not briefed the issue, we find that the district court did not abuse its discretion by declining to allow Hatch to amend his complaint to state a due process claim after DVISD filed its motion for summary judgment. *See, e.g.*, *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990).

No. 12-50098

prima facie case of discrimination under Title VII, a plaintiff must establish that (1) the plaintiff is a member of a protected class, (2) the plaintiff is qualified for the position, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than someone outside the class. *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005).

On appeal, Hatch first argues that the district court erred by granting DVISD summary judgment because there exists sufficient evidence for a reasonable trier of fact to conclude that the February 2009 disciplinary memorandum was motivated by illegal discrimination. Hatch also argues that there exists sufficient evidence for a reasonable trier of fact to conclude that DVISD discriminated against him by paying him less than white female substitute teachers and teaching assistants. In a similar vein, Hatch also argues that he presented enough evidence from which a trier of fact could conclude that his termination was motivated by racial discrimination, gender discrimination, or retaliation.

Assuming that Hatch has established prima facie cases of retaliation or discrimination, the burden then shifts to DVISD to offer a legitimate, non-retaliatory or non-discriminatory reason for the employment action. *See Septimus*, 399 F.3d at 608; *Turner v. Kansas City Southern Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012). After this, "[t]he burden . . . shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination." *Turner*, 675 F.3d at 892.

We begin with Hatch's argument that the February 2009 memorandum was motivated by racial or sexual discrimination. However, DVISD has established that the memo was drafted in response to Hatch's failure to properly supervise his classroom, and his habit of sitting and wearing sunglasses in the classroom. Because Hatch has presented no evidence to refute this explanation, DVISD is entitled to summary judgment on this issue.

No. 12-50098

As to Hatch's discriminatory compensation argument, DVISD has established that Hatch was paid according to the pay scale that governed all teaching assistants and substitute teachers. Hatch has presented no evidence to cast doubt on this explanation, and DVISD is thus entitled to summary judgment on this issue.

Turning to Hatch's discriminatory and retaliatory termination arguments, DVISD has presented evidence that Hatch was not offered a permanent teaching position because the job was one for which he was not qualified.[2] DVISD has further presented evidence that Hatch's employment was not renewed because of his failure to adequately monitor students and correct his classroom behavior. Hatch has failed to present any summary judgment evidence other than his subjective belief that these reasons are pretextual and that his termination was discriminatory or retaliatory. DVISD is thus entitled to summary judgment on this issue.[3]

IV.

For the reasons stated above, we affirm the district court's order granting summary judgment and dismissing all of appellant's claims.

AFFIRMED

---

[2] Specifically, Hatch sought the position of science teacher. To qualify for the position, an applicant must demonstrate competency in science by completing twenty-four semester hours, including twelve upper-division hours, in the field of science. Hatch's transcript does not reflect the requisite coursework.

[3] Hatch argues that the district court erred by crediting the affidavits of Principal Tarter and Assistant Principal Palacios because they "are full of inconsistencies and misrepresentations." It is apparent from Hatch's brief that the inconsistencies which he alleges center on matters which have no bearing on the ultimate questions of discrimination or retaliation. Because "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment," Hatch's objections to these immaterial matters, even if valid, did not preclude the district court from crediting the affidavits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).