Pat M. BURGE, Petitioner,

v.

DEPARTMENT OF THE AIR FORCE, Respondent.

No. 01–3005.

United States Court of Appeals, Federal Circuit.

March 8, 2001.

Rehearing Denied March 29, 2001.

Before RADER and SCHALL, Circuit Judges, PLAGER, Senior Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board affirmed the Department of the Air Force's removal of Mr. Pat M. Burge for unauthorized absence from duty. *Burge v. Dep't of Air Force*, AT–0752–97–0060–B–1 (M.S.P.B. Feb. 17, 2000), *review denied*, 86 M.S.P.R. 688 (2000). Because substantial evidence supports the Board's decision, this court *affirms*.

I.

The Air Force employed Mr. Burge as a Safety and Occupational Health Specialist. On May 16, 1996, Mr. Burge requested advanced sick leave for the period from May 9, 1996 through May 16, 1996. He additionally requested a six-month "Medical Leave of Absence" to begin on May 17, 1996. At that time, Mr. Burge had no accumulated annual or sick leave.

On May 24, 1996, the Air Force informed Mr. Burge that his leave request had been denied because he had not submitted sufficient documentation to support his advanced sick leave requests. The May 24 letter reminded Mr. Burge that he was responsible for submitting the required medical information to support his leave requests. The May 24 letter further advised Mr. Burge to have a physician include specific information in a supporting medical report.

One month later, on June 24, the Air Force sent an additional letter to Mr. Burge. The June 24 letter reiterated the need for medical documentation to support Mr. Burge's leave request. The letter informed Mr. Burge that his sick leave status would revert to leave without pay status until July 1 or until receipt of appropriate medical documentation. In the June 24 letter, the Air Force also ordered Mr. Burge back to work on July 1 unless he provided adequate medical support for his leave requests before that date. The Air Force informed Mr. Burge that if he did not return to work or provide the medical support documentation by July 1, the Air Force would charge him as absent without leave, which could result in disciplinary action, such as removal.

On June 26, Mr. Burge responded that he had to wait until July 1 to see Ms. Swaby–Pryce, the physician's assistant in charge of his medical evaluation, and get the requested medical documentation. On

July 2, the Air Force contacted Mr. Burge and reminded him of the need for proper medical documentation. Mr. Burge indicated that he had been trying to get documentation from his doctors. The Air Force informed Mr. Burge that it was charging him as absent without leave, effective July 1, and that it would propose removing Mr. Burge for being absent without leave.

On July 2, Mr. Burge sent a letter to the Air Force requesting sick leave to cover the period from May 16 through July 18. Mr. Burge promised to soon supply the medical documentation. The request included a form SF–71 signed by Mr. Burge and by Ms. Swaby–Price. On that form, Mr. Burge stated, "I am under medical evaluation for GERO, sliding hyatial [sic] hernia, diverticulosis, etc.," and Ms. Swaby–Price stated that "due to the condition of the above named patient, he is unable to report to work from May 16, 1996 to July 17, 1996."

On July 17, the Air Force offered to provide Mr. Burge with a medical examination to determine whether Mr. Burge had a medical condition that incapacitated him for duty and required the leave he had requested. Mr. Burge denied the offer. On July 18, Mr. Burge submitted a second SF–71 signed by Ms. Swaby–Price that contained no medical information.

The Air Force removed Mr. Burge from his position effective October 1, 1996. Mr. Burge appealed the removal to the Board. An administrative judge issued an initial decision affirming the removal. *Burge v. Dep't of the Air Force*, AT–0752–97–0060–I–1 (M.S.P.B. Dec. 30, 1997). On review, the Board vacated the initial decision and remanded the case for further adjudication on several issues. *Burge v. Dep't of the Air Force*, 82 M.S.P.R. 75 (1999). On remand, the administrative judge again affirmed the removal, holding that the Air Force's denial of Mr. Burge's leave requests did not violate the Family and Medical Leave Act, that Mr. Burge was absent without leave during the period charged, that the Air Force did not remove Mr. Burge in reprisal for protected whistleblowing disclosures, and that the removal was reasonable. *Burge v. Dep't of the Air Force*, AT–0752–97–0060–B–1 (M.S.P.B. Feb. 17, 2000). The Board denied Mr. Burge's petition for review of that decision. *Burge v. Dep't of the Air Force*, 86 M.S.P.R. 688 (2000). Mr. Burge appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

This court affirms Board decisions unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

Mr. Burge argues that the Air Force's denial of his leave requests violates the Family and Medical Leave Act. The Family and Medical Leave Act allows eligible employees to take unpaid leave, or paid leave if it has been earned, for up to twelve weeks in any twelve-month period for, among other things, "a serious health condition that makes the employee unable to perform the functions of the employee's position." 5 U.S.C. § 6382(a)(1)(D) (1994). However, the employing agency may require the employee to timely submit a certification from the employee's health care provider. 5 U.S.C. § 6383(a) (1994). The certification is sufficient if it includes the date that the health condition commenced, the probable duration of the health condition, appropriate medical facts about the health condition that are known by the health care provider, and a statement that the employee cannot perform

the functions of the employee's position. 5 U.S.C. § 6383(b).

■ The documents that Mr. Burge submitted to the Air Force in July 1996 were not sufficient to meet the requirements of § 6383(b). The signed statement by Ms. Swaby–Price only stated, "due to the condition of the above named patient, he is unable to report to work from May 16, 1996 to July 17, 1996." The statements by Ms. Swaby–Price do not state the probable duration of Mr. Burge's condition or the date that the condition commenced; nor do they state relevant facts about Mr. Burge's condition. Accordingly, substantial evidence in the record supports the administrative judge's finding that Mr. Burge's submissions in July 1996 were insufficient to meet the requirements of the Family and Medical Leave Act. Also, the Air Force previously informed Mr. Burge that medical documentation was due by July 1. Accordingly, substantial evidence supports the administrative judge's finding that neither of the two SF–71's submitted by Mr. Burge was timely, as required by § 6383(a).

■ The record before the Board contained additional medical statements by Ms. Swaby–Price and other medical providers. However, those statements were also untimely submitted. The Board has stated that untimely submitted medical evidence may be considered if timely submission was not practicable despite the employee's diligent and good faith efforts.* *Burge v. Dep't of the Air Force*, 82 M.S.P.R. 75, 86 (1999). Mr. Burge has presented no evidence beyond his bare allegation that the tardiness of his submission of medical documentation was beyond his control. Furthermore, the Board found below, and Mr. Burge has not disputed in this appeal, that the May 24, 1996 letter

sufficiently informed him of his obligation to submit a medical certification, and of the necessary content of such a certification. *Id.* at 85–86. Accordingly, substantial evidence supports the administrative judge's finding that timely submission was practicable and that Mr. Burge did not exert diligent and good faith efforts to timely submit the medical evidence. The administrative judge did not err by refusing to consider the untimely medical evidence and holding that the Air Force did not violate the Family and Medical Leave Act.

Mr. Burge argues that the Board erred by failing to take into account a Social Security Administration decision holding that Mr. Burge was disabled during the relevant time and a similar Department of Veterans Affairs determination. The administrative judge did consider the Social Security Administration decision, but gave it no weight because the decision itself is not evidence of disability and it was based on the same medical evidence that the Board properly refused to consider in this case. Because different evidence is before the Board in this case, the differing results of the Board decision and the Social Security Administration decision do not persuade this court that the Board erred in this case. Likewise, the Department of Veterans Affairs decision was based on the excluded medical documentation and thus understandably reaches a different result than the Board. Accordingly, the administrative judge did not err by giving the administrative decisions no weight.

Mr. Burge also argues that the Board erred by failing to consider an affidavit by Mr. Charles Byrd. Mr. Burge argues that the affidavit explains why he did not receive support in assuring the safety of his

---

* This court need not decide at this time whether such circumstances justify consideration of untimely submitted medical documents because substantial evidence supports the administrative judge's determination that such circumstances are not present in this case.

unit. Even if Mr. Burge did not receive adequate support in his position, this does not excuse Mr. Burge's failure to timely submit required medical documentation, nor does it reveal any error in the administrative judge's finding that the Air Force would have removed Mr. Burge even if he had not made protected whistleblowing disclosures.

Finally, Mr. Burge asserts that the administrative judge denied him the opportunity to call witnesses. Mr. Burge withdrew his request for a remand hearing, even though the Board had instructed the administrative judge to allow Mr. Burge to call witnesses at such a hearing on remand. Mr. Burge thereby waived his right to call additional witnesses.