# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2012

No. 11-20580

Lyle W. Cayce
Clerk

KIMBERLY MIEDEMA,

Plaintiff-Appellant

v.

FACILITY CONCESSION SERVICES, INCORPORATED, doing business as
Spectrum Catering & Concessions,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
4:09-CV-2508

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The defendant-appellee terminated its employment relationship with the
plaintiff-appellant, Kimberly Miedema ("Miedema"), in late 2007. The district
court granted summary judgment against Miedema, dismissing her claims under
the Family and Medical Leave Act ("FMLA") and Title VII. Because Miedema
failed to fulfill her obligations under the FMLA's certification provisions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20580

because she failed to offer any evidence that her employer's proffered reason for her termination was a pretext for retaliation, we AFFIRM.

I.

Kimberly Miedema was an employee of Facility Concession Services, Inc., d/b/a Spectrum Catering and Concessions ("Spectrum"). On September 28, 2007, during Miedema's employment with Spectrum, an incident occurred between Miedema and another employee. Although there is much debate about the nature of the interaction, Miedema has alleged that it was an unwelcome sexual advance. Following the incident, Miedema did not return to work because she was seeking treatment for post-traumatic stress disorder.

On October 15, 2007, Spectrum's president wrote a letter to Miedema inquiring into the reason for her absence. Spectrum's president requested a written statement concerning the September 28, 2007 incident, a doctor's authorization to return to work, and an FMLA certification documenting her medical condition.

On October 23, 2007, Spectrum received a letter from Miedema's physician, Dr. Jeffrey Sweeney, stating that he was treating her for post-traumatic stress disorder and that she would be unable to return to work yet. On October 25, 2007, Spectrum wrote to Miedema and her attorney to acknowledge receipt of Dr. Sweeney's letter. Spectrum's letter explained that it would consider Miedema's leave to be covered under the provisions of the FMLA, but that it was also including a Department of Labor-issued standard form "Certification of Health Care Provider" to be completed by her doctor and returned to Spectrum within fifteen days "in accordance with the applicable requirements of the FMLA."

Spectrum never received the requested certification form nor any other response. On November 15, 2007, Spectrum again contacted Miedema and her attorney. Spectrum's letter explained that the completed certification was

2

No. 11-20580

required in order for Miedema's leave to be covered under the FMLA. Because Miedema never responded with a completed certification, her absence was unexcused, and Spectrum terminated her employment.

Miedema sued Spectrum alleging employer negligence, violations of the FMLA's substantive and retaliation provisions, and violations of Title VII's substantive and retaliation provisions. Spectrum filed a motion for summary judgment on all claims, which the district court granted on April 11, 2011. Miedema now appeals the district court's denial of her substantive FMLA claim and her FMLA and Title VII retaliation claims. Because she has not challenged the district court's denial of her Title VII hostile work environment and negligence claims, we need not address them.

## II.

We review an order granting a motion for summary judgment under a *de novo* standard. *Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau*, 139 F.3d 1052, 1055 (5th Cir. 1998); *BellSouth Telecommunications, Inc. v. Johnson Bros. Group*, 106 F.3d 119, 122 (5th Cir.1997). Summary judgment is warranted when the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

### A.

In this appeal, Miedema first argues that her termination violates the provisions of the FMLA. The FMLA guarantees to eligible employees twelve workweeks of leave during any twelve-month period in certain enumerated circumstances. 29 U.S.C. § 2612(a) (2006). One such circumstance is "a serious health condition that makes the employee unable to perform the functions of [her] position." *Id.* In the instant case, it is not disputed that Miedema's post-traumatic stress disorder is a covered "serious health condition." However, what

No. 11-20580

is disputed is whether Miedema's notice to Spectrum complied with the FMLA's certification requirements.

Under the FMLA, an employer may request both an initial certification and later, a *re*certification. *See* 29 C.F.R. §§ 825.306, 825.308 (2011). As the district court noted, "It is not clear whether Spectrum considered its second request for a medical certification to be another attempt to obtain an initial medical certification or a request for recertification." Memorandum and Order Granting Summary Judgment (S.D. Tex. Apr. 11, 2011). The distinction is important because the two request procedures are subject to two different sets of requirements. *Compare* 29 C.F.R. § 825.306, *with* 29 C.F.R. § 825.308. The district court concluded that it need not determine which type of certification Spectrum requested, because Spectrum's request complied with the requirements for both. Because we find Spectrum's request to be one for a certification, an analysis of the recertification issue is unnecessary.

The conclusion that Spectrum's request is for an initial certification follows naturally from the purposes of the two procedures. Under 29 C.F.R. §§ 825.306–.307, the very nature of the certification is to apprise the employer of a few basic items of information regarding the employee's condition, the duration of any disability, and its effect on employment. In contrast, the purpose of a recertification under 29 C.F.R. § 825.308 is threefold: to verify (1) that the employee's condition has persisted beyond an initial recovery period, (2) that the condition still exists in light of a significant change in circumstances, or (3) that the employee's condition exists in light of new information which casts doubt on the employee's claim.

In this case, it is undisputed that Spectrum requested an FMLA certification from Miedema, and that Miedema's physician responded with a conclusory letter. Spectrum immediately sent a second letter to Miedema, informing her that it would cover her leave under the FMLA, but that it still

4

required the information requested on the Certification of Healthcare Provider form. The second letter does not reflect that it was being sent for any of the reasons contemplated by the recertification provision of the FMLA. *See* 29 C.F.R. § 825.308   Rather, we read Spectrum's letter as an attempt to obtain more specific facts than the general information Miedema provided in her response to the first letter. This is precisely the type of situation contemplated by 29 C.F.R. § 825.305(c), which allows the employer to follow up and obtain the specific information it needs when the employee's certification is incomplete or conclusory. Such a request for more specific information falls within the original request for certification and is not a request for recertification. *See id.*

"An employer may require that a request for leave . . . be supported by a certification issued by the health care provider for the eligible employee . . . . The employee shall provide, in a timely manner, a copy of such certification to the employer." 29 U.S.C. § 2613(a). An employer may require that the certification include (1) the date on which the condition commenced, (2) the probable duration of the condition, (3) the appropriate medical facts regarding the condition and supporting the need for leave, and (4) a statement that the employee is unable to perform the functions of her employment position. 29 C.F.R. § 825.306(a). A document which includes such information is statutorily deemed sufficient. *See* 29 U.S.C. § 2613(b).

Here, Spectrum properly notified Miedema in writing of its request for an FMLA certification on October 15, 2007. As the district court correctly points out, Dr. Sweeney's letter in response fails to provide both the beginning date of her condition and its probable duration. It thus fails to meet the requirements of a statutory certification. *See* 29 U.S.C. § 2613(b); *see also Burge v. Dep't of Air Force,* 7 F. App'x 931, 934 (Fed. Cir. 2001) (unpublished) (finding physician's letter to be insufficient FMLA certification under similar facts). Although Spectrum's initial request for FMLA certification did not specify in detail the

information it sought, Spectrum immediately responded to Miedema's letter by re-requesting and attaching the previously-referenced FMLA certification sheet.

When requested, "The employee must provide a complete and sufficient certification." 29 C.F.R. § 825.305(c). If an employer finds an employee's initial response either incomplete or insufficient, the employer shall advise her of such and "shall state in writing what additional information is necessary to make the certification complete and sufficient." *Id.* After seven days, if a completed certification has not been resubmitted with the requested information, "the employer may deny the taking of FMLA leave." *Id.*

Here, upon receipt of Dr. Sweeney's letter, Spectrum promptly notified Miedema of its continuing need for the requested information. In its October 25, 2007 letter, Spectrum expressly stated its request for more information and requested the completion of an attached Department of Labor "Certification of Health Care Provider" standard form. Notwithstanding Miedema's assertion to the contrary, the specific provisions of the attached DOL form served to sufficiently apprise Miedema of the information she was obliged to provide. Because Spectrum received no response within seven days, it was entitled to deny Miedema leave under the FMLA. *See* 29 C.F.R. § 825.305(c); *see also Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1186 (9th Cir. 2002) (finding physician's response inadequate where FMLA standard form was returned incomplete); 29 C.F.R. § 825.303(b) ("An employee has an obligation to respond to an employer's questions designed to determine whether an absence is potentially FMLA–qualifying. Failure to respond to reasonable employer inquiries regarding the leave request may result in denial of FMLA protection . . . .").

The failure of Spectrum's second letter to advise Miedema of the consequences of an inadequate response does not change this conclusion. The FMLA only requires an employer to advise an employee of the consequences of failing to respond to a certification request "[a]t the time the employer requests

No. 11-20580

certification." 29 C.F.R. § 825.305(d). The record shows that Spectrum fully complied with this notice requirement in its October 15, 2007 initial request for certification, in which it stated: "Failure to comply with all of the above . . . will be considered an unauthorized leave and subject to termination at that time." The regulation contains no requirement that follow-up communications include the same notice, and we decline to add such a requirement here.

B.

Miedema also appeals the district court's ruling dismissing her FMLA and Title VII retaliation claims. Both the FMLA and Title VII contain a proscriptive provision which protects employees from retaliation or discrimination for exercising their rights under the respective statutes. 29 C.F.R. § 825.220(c) (FMLA); 42 U.S.C. § 2000e-3 (Title VII). The district court analyzed both of Miedema's retaliation claims under the traditional *McDonnell Douglas* pretext framework rather than a mixed-motive framework, and this has not been challenged on appeal. *Cf. Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 335 (5th Cir. 2005) (applying mixed motives analysis rather than pretext analysis to FMLA retaliation case); *Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (applying mixed motives analysis rather than pretext analysis to Title VII retaliation case).

To make a *prima facie* showing of a retaliatory discharge under either statute, Miedema must show that: (1) she engaged in a protected activity; (2) the employer discharged her; and (3) that there is a causal link between the protected activity and the discharge. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001) (FMLA); *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005) (Title VII). Under the *McDonnell Douglas* framework, the burden then shifts to Spectrum to articulate a legitimate non-retaliatory reason for the employment action. *See Hunt*, 277 F.3d at 768; *Septimus*, 399 F.3d at 608. Once Spectrum has done so, Miedema must show

that Spectrum's reason is a pretext for retaliation. *See Hunt*, 277 F.3d at 768; *Septimus*, 399 F.3d at 608. We agree with Miedema that she established a *prima facie* case. It is undisputed that she was protected under the FMLA and Title VII and that she suffered an adverse employment decision. As to the third prong, we assume without deciding that the temporal proximity of Spectrum's discharge to Miedema's FMLA and Title VII activities is sufficient to permit an inference of causation on summary judgment.

The burden then shifts to Spectrum to offer a legitimate non-retaliatory reason for Miedema's termination. Spectrum's documented request for information and a statement from Miedema, together with its warning that noncompliance would result in termination, is sufficient to satisfy Spectrum's burden.

Finally, the burden shifts back to Miedema to offer some evidence that Spectrum's explanation is pretext. "A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255–57 (1986). We agree with the district court that Miedema has only restated her underlying FMLA claim without raising any fact issues or submitting any evidence that Spectrum's proffered reason is pretext. As a result, Miedema's retaliation claims cannot survive summary judgment. *See, e.g.*, *Hunt*, 277 F.3d at 768 (reaching same conclusion in FMLA context); *Septimus,* 399 F.3d at 611 (reaching same conclusion in Title VII context).

## IV.

For the reasons stated above, the district court order granting summary judgment and dismissing all of the appellant's claims is affirmed.

No. 11-20580

AFFIRMED